IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STIM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-0772-CV-W-ODS |
| | ) |
| AECOM, INC., | ) |
| | ) |
| Defendant. | ) |

<u>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS
IN LIMINE, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS
IN LIMINE, AND (3) SETTING HEARING ON PLAINTIFF'S MOTION IN LIMINE #7</u>

Pending are Defendant's Motions in Limine (Doc. #162), and Plaintiff's Motions in Limine (Doc. #163). Parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence that is barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial that justifies a change in the Court's interlocutory ruling.

### <u>Defendant's Motions in Limine</u>

### A. **Evidence of Incentives Defendant "Could Have Received"**

Defendant seeks to exclude evidence or argument related to incentive amounts Defendant "could have received," but did not obtain and use. Plaintiff argues he is entitled to a twenty-five percent fee if Defendant ever receives incentive benefits, provided those incentives are derived from Plaintiff's information, efforts, or services. Under the Consulting Agreement, Defendant was to pay twenty-five percent of the amount of benefits Plaintiff identified that were "obtained" and "used" by Defendant. Doc. #123-2, at 9. As the Court stated in its December 1, 2016 Order, evidence purporting to show millions of dollars in incentives Defendant never obtained and used

is irrelevant. Doc. #167. Plaintiff wishes the Court to allow evidence of hypothetical incentives that may possibly be obtained and used by Defendant at an unknown time in the future. At this time, such evidence is impermissibly speculative and cannot be reasonably ascertained. Therefore, the Court grants Defendant's motion.

### B. Deposition Exhibit 130

Deposition Exhibit 130 is a spreadsheet prepared by Plaintiff showing incentive packages offered by various states. Defendant seeks to exclude this exhibit because it is irrelevant, and was not properly disclosed. Plaintiff argues the exhibit was disclosed during Plaintiff's deposition, and was discoverable during Defendant's forensic image search of Plaintiff's computer. As explained above, evidence showing incentives Defendant could have received but did not obtain and use is irrelevant. Therefore, the Court grants Defendant's motion on the basis that it is irrelevant.

### C. Testimony about Defendant's Motives

Defendant seeks to exclude testimony by Robert Mandel, the sole member of Plaintiff STIM, LLC, regarding the reasons Defendant terminated the agreement as inadmissible speculation. Mandel argues he may testify under Federal Rule of Evidence 701 about his opinions that are rationally based on his perception. This motion is granted in part, and denied in part. Mandel may testify to facts of the matter such as his twenty-five percent fee, Defendant's merger(s), termination of the Consulting Agreement, and negotiations regarding a new agreement. Plaintiff's counsel may present arguments as to what motivated Defendant to terminate the agreement. However, Mandel may not speculate as to what may have motivated Defendant to terminate the agreement.

### D. Exhibits Improperly Combining or Altering Documents

Defendant seeks to exclude exhibits that improperly combine or alter documents. Specifically, Defendant identifies a parent email with different attachments than those used by Plaintiff at a deposition (Plaintiff's Dep. Ex. 180), a copy of a benefit proposal letter from the State of Missouri (Plaintiff's Dep. Ex. 53), and a copy of a benefit

2

proposal letter from the State of Colorado (Plaintiff's Dep. Ex. 54). The Court grants Defendant's motion. As explained above, evidence regarding incentives Defendant did not obtain and use is irrelevant.[1] Accordingly, preliminary approval letters from Missouri (Plaintiff's Dep. Ex. 53) and Colorado (Plaintiff's Dep. Ex. 54) are irrelevant and therefore inadmissible. Regarding the parent email with allegedly incorrect attachments, Plaintiff concedes it will only use the parent email and delete the "out of sequence" documents identified by Defendant as incorrectly combined with the parent email. Doc. #176, at 16. It is so ordered.

### E. Comments by Plaintiff's Counsel About Other Witnesses' Testimonies or Facts Not in the Record

Defendant seeks to exclude comments by Plaintiff's counsel that improperly characterize witness testimony or include reference to facts not in the record. Plaintiff's counsel argues he has not mischaracterized testimony, and the Court should not prematurely rule on Defendant's motion without knowing what the evidence at trial will show. The Court denies Defendant's motion. That said, the Court cautions counsel for both parties that opening statements may include discussion of what testimony witnesses will provide, and closing arguments may include commentary on what a witness's testimony was, along with arguments concerning credibility. However, between opening statements and closing arguments, counsel may not characterize a witness's testimony, comment on it, ask other witnesses to comment on it, or give an opinion about a witness's testimony.

---

[1] Plaintiff's opposition to Defendant's motion argues Plaintiff was authorized to seek these incentives. Doc. #176, at 16. The Court does not decide the factual issue of whether Plaintiff was authorized to seek these incentives. The Court does decide Plaintiff merely obtained information in the form of proposals from Missouri and Colorado, which Defendant could then choose to act or not act upon per the Consulting Agreement. Plaintiff has not presented evidence establishing these incentives were obtained and used by Defendant. Therefore, Plaintiff cannot establish entitlement to fees due under the terms of the Consulting Agreement.

## Plaintiff's Motions in Limine

### A. Valuation of Incentives Prepared by Defendant

Plaintiff seeks to exclude evidence, prepared by Defendant, related to the valuation or monetization of incentives which Plaintiff was engaged to identify. The Court grants Plaintiff's motion. Evidence of incentives Defendant could have received, but did not obtain and use, will not be permitted. Therefore, the Court will exclude testimony by both parties as to the value of incentives Defendant did not obtain and use.

### B. Evidence to Challenge Plaintiff's Evidence Indicating Employees from URS and Hunt Construction Could be Classified as "New AECOM Hires"

Plaintiff seeks to exclude testimony by Defendant's representatives that challenges or refutes Plaintiff's evidence indicating employees of URS and Hunt Construction could be classified as new employees for state tax incentive purposes. As explained above, the Court will not permit testimony about incentives Defendant did not obtain and use. Accordingly, evidence related to whether employees could be classified as "new" for incentive purposes is not admissible to establish entitlement to fees under the Consulting Agreement. The Court grants Plaintiff's motion.

### C. Evidence Showing Plaintiff was not Authorized to Seek Incentives

Plaintiff seeks to exclude testimony by Defendant that Plaintiff was not authorized to seek incentives on Defendant's behalf. Defendant argues this is a factual matter to be heard at trial before the Court can properly rule on any evidentiary issues. The Court agrees with Defendant, and denies Plaintiff's motion.

### D. Defendant's "Good Cause" Defense

Plaintiff seeks to exclude all evidence by Defendant offered to show Defendant terminated the Consulting Agreement "for good cause" and/or asserting its choice not to utilize Plaintiff's services. Defendant argues this is a factual matter to be resolved at trial. The Court agrees with Defendant, and denies Plaintiff's motion.

### E.  Evidence Related to Forensic Examiner John Mallery

Plantiff seeks to exclude evidence, testimony, opinions, and references to forensic examiner John Mallery.  Defendant does not seek to call Mallery to testify, but argues it is premature to rule that all "references" are inadmissible.  The Court grants Plaintiff's motion in part, and denies Plaintiff's motion in part.  Mallery will not be permitted to testify as an expert witness, but the Court finds it is premature to exclude all possible references to Mallery because his name may arise in establishing foundation for admissibility of a document, or he may be called as a lay witness with knowledge of pertinent facts.

### F.  Troan's Opinions

Plaintiff seeks to exclude evidence, testimony, or opinions of Defendant's expert Geoffrey Troan that were not "completely" stated in his expert opinion report.  Defendant states Troan will testify consistent with his report.  The Court denies Plaintiff's motion.  Troan will be permitted to testify consistent with his report.

### G.  Inadvertently Produced Document

Plaintiff seeks to exclude a document produced after a forensic examination of Plaintiff's computer.  Plaintiff argues the document was inadvertently produced, and is protected by the attorney-client privilege and/or the work-product doctrine.  Further, Plaintiff argues counsel informed Defendant the document was privileged during a deposition, but Defendant did not properly destroy the document as required by the Federal Rules of Civil Procedure and the Court's Protective Order (Doc. #43).  Defendant argues the document is not privileged or protected, Plaintiff waived any privilege and protections if they existed, and any work-product protections should be overcome by Defendant's substantial need for the document and lack of alternative sources from which to gather such information.

At this time, the Court is unable to determine whether the document is privileged or protected, whether any privilege or protection was waived, or whether Defendant's substantial needs should overcome a claim of work-product protection.  Accordingly, the

Court will hold a hearing on this issue on Thursday February 2, 2017, at 1:00 p.m. in Courtroom 8C of the Charles Evans Whittaker Courthouse in Kansas City, Missouri.

### H. Character Evidence

Plaintiff seeks to exclude all evidence of Mandel's character, arguing such character evidence is improper under the Federal Rules of Evidence. Defendant states it will not attack Mandel's character during trial. The Court grants Plaintiff's motion. However, the Court notes credibility of a witness may properly be challenged on cross-examination.

IT IS SO ORDERED.

DATE: December 8, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT